UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GLOVER, *et al*,

    Plaintiffs,

v.

MONICA RIVAS, *et al*,

    Defendants,

No. 2:19-cv-13406

Hon. Terrance G. Berg

Mag. Michael J. Hluchaniuk

_____

**Keith Altman (P81702)**
**THE LAW OFFICE OF KEITH ALTMAN**
*Attorney for Plaintiffs*
33228 W 12 Mile Rd, Suite 375
Farmington Hills, MI 48334
(516) 456-5885
kaltman@lawampmmt.com

**Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)**
**Devlin K. Scarber (P64532)**
**CHAPMAN LAW GROUP**
*Attorneys for Defendants ~~Dione Wright, N.P., Frederick Herro, M.D., and~~ Victoria Hallett, D.O.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

**James T. Farrell (P35400)**
**Sara E. Trudgeon (P82115)**
**Assistant Attorneys General**
**Mich. Dept. of Attorney General**
*Attorneys for MDOC Defendants*
MDOC Division
P.O. Box 30217
Lansing, MI 48909
517-335-3055
farrellj@michigan.gov
trudgeons@michigan.gov

_____

## JOINT RULE 26(f) DISCOVERY PLAN

    NOW COME the parties, by and through their respective counsel, and submit the following:

1

## A. Brief Summary of the Case

### Plaintiff's Summary

Because the Court has already ruled on the motions to dismiss in this matter, Plaintiff relies on the introductions already before the Court in ECF's 43 and 45.

### MDOC Defendants' Summary

The Court familiarized itself with with the Plaintiffs' 78-page, 317 paragraph, 11-count First Amended Complaint when reviewing Defendants' Motions to Dismiss. The original Complaint named 66 defendants; the First Amended Complaint names 46 defendants. After the Court ruled on Defendants' Motions to Dismiss, four counts remain (I-IV) against 30 current or former MDOC employees, and one count remains against one Corizon-employed defendant.

With respect to the MDOC Defendants, the claims run the gamut from First, Fourth, and Eighth Amendment claims. It seems plaintiff and his wife have their constitutional rights violated every time they interact with prison officials (all of the claims arise at the Cotton Correctional Facility (JCF) in Jackson, Michigan; Plaintiff have namedd approximately 20% of the JCF staff in this lawsuit. They claim the harassment and retaliation are an ongoing and constant occurrence.

Many of Richard Glover's claims stem from him falling out of his bed in July 2019. He claims he suffered serious neurological injury as a result of the fall. He

was provided extensive and expensive medical care, both inside the prison and with outside specialists, yet his claims of serious and ongoing neurological problems have not been confirmed by his treating physicians. Plaintiff continues to demand special treatment within the prison; many of his claims involved failing to receive special treatment for his nonexistant neurological problems, which he attributes to deliberate indifference and retaliation.

Glover's wife, who often visits her husband at the prison, claims she is mistreated by prison staff by being made to wait to enter the front gate of the prison, and by being searched at the front gate, which she claims violated her First and Fourth Amendment rights.

The MDOC Defendants have filed an answer to the First Amended Complaint wherein all allegations of of liability have been denied, and a number of affirmative defenses have been asserted including failure to exhaust administrative remedies.

### **Defendant Dr. Victoria Hallett's Summary**

Based upon the Court's Opinion and Order dated March 15, 2021 (**ECF No. 58**), all Corizon Defendants other than Dr. Victoria Hallett, D.O., are dismissed with prejudice. Also, the court dismissed with prejudice the bulk of Plaintiff's claims against Dr. Hallett. The only remaining allegation against Defendant Dr. Hallett is an Eighth Amendment deliberate indifference claim under Count V of Plaintiff's Complaint regarding a **single** medical examination taking place on August 20, 2019

during which Plaintiff claims that Dr. Hallett sexually assaulted him during a rectal examination which Plaintiff consented to for purposes of medical treatment of his claimed injuries and presenting medical conditions and complaints. Dr. Hallett denies that she assaulted Plaintiff or acted with deliberate indifference regarding Plaintiff's care in any manner whatsoever and denies that any conduct by her was a proximate cause of Plaintiff's alleged injuries.

Plaintiff's claims against Dr. Hallett are without merit. According to medical records, on August 20, 2019, Plaintiff presented to Dr. Hallett stating that he had "tingling and numbness" in his left leg, which he stated had persisted since his injury in which he allegedly fell and was treated at the emergency room several days earlier. During his August 20, 2019 visit, he stated that he had "throbbing pain" in his low back. He further stated that he "feels as if he cannot defecate as he did before and that not all his stool evacuates." Because Plaintiff's subjective complaints and trauma-related symptoms could have been neurological in nature (i.e., low back pain, tingling, numbness, loss of sensation while defecating), a rectal examination was required to rule out serious neurological damage such as cauda equina syndrome and to determine if a possible transport to the emergency department was necessary for further testing and neurological intervention. On August 20, 2019, prior to the examination, Dr. Hallett explained to Plaintiff the reason for the rectal examination. Dr. Hallett's pre-examination discussion with Plaintiff, as well as the examination,

was properly witnessed by another medical professional. Per protocol, certain medical procedures must have a witness present. During the August 20, 2019 medical visit, Plaintiff had no complaints regarding the rectal examination, neither before nor after he was examined. After Plaintiff later made baseless complaints regarding the examination, he was examined pursuant to the Michigan Department of Corrections' Prison Rape Elimination Act (PREA) protocol, where it was found that there were no signs of digital penetration to his rectum, and no signs of trauma to his penis, urethra, scrotum, testicles, or rectum. It was further verified by witnesses that the reason for the rectal examination had been explained to Plaintiff before he agreed to undergo the examination. Plaintiff's allegations regarding the rectal examination are completely false. Respectfully, this court declined to take the medical records into consideration when ruling on Defendant Wright's, Herro's, and Hallet's Motion to Dismiss, finding: "While clearly relevant to the factual question of Defendant Hallett's intent, this explanation may not be considered at the motion to dismiss stage, because the Court must take the allegations as true. (**ECF No. 58, PageID.1026**).

B. <u>**Subject Matter Jurisdiction**</u>

Jurisdiction is based on federal question jurisdiction as contemplated by 28 U.S.C. § 1331, which extends jurisdiction of all civil actions arising under the "constitution, laws and treaties of the United States" to federal courts. The

federal law at issue in this instance is 42 U.S.C. § 1983, as alleged in Plaintiff's Complaint.

C. **Relationship of this Case to Other Cases**

Tina Glover filed a lawsuit in the Jackson County Circuit Court asserting claims under the Elliot-Larson Civil Rights Act against several of the same defendants that she sues in this federal civil rights case. The state-court case has been stayed pending the outcome of this case.

**Contemplated Amendments to the Pleadings**

From Plaintiff's perspective, there is no known necessity for any amendment to the pleadings at this time, however, Plaintiffs reserves the right to seek leave to amend the complaint if necessary, pursuant to information and records obtained through the course of discovery.

Defendant Dr. Hallett may seek to file a counter-claim against Plaintiff pursuant to Fed. R. Civ. P. 13 regarding Plaintiff's false allegations of sexual assault and/or may file a separate lawsuit against Plaintiff. Furthermore, Defendant Hallett reserves the right to seek leave to amend her pleadings if and/or as necessary, pursuant to information and records obtained through the course of discovery.

D. **Anticipated Discovery Disputes**

*From Plaintiffs' Perspective:*

The parties do not anticipate any discovery disputes at this time. The parties agree on the following, subject to the approval of the Court:

1. Because of the large number of defendants and other possible witnesses, the parties request to waive the ten deposition limit, subject to the parties being reasonable in the number of depositions. Any party reserves the right to ask the Court to limit the number of depositions in the future.
2. The parties will attempt to develop a questionnaire that will be filled out by MDOC defendants not under oath to help limit whether that party needs to be deposed or may even be dismissed from the case without prejudice subject to the filing date of the initial complaint for statute of limitations purposes. If they are dismissed from the case, Plaintiff must seek leave to bring them back into the case.
3. Plaintiff intends to issue non-party subpoenas to take 30(b)(6) depositions of the MDOC and Corizon. Defendants reserve the right to object to these subpoenas.

The parties agree in good faith to work together for the scheduling of all necessary depositions. The parties further agree to attempt to resolve any discovery disputes that may arise amongst themselves before filing a motion with this Court.

*From the MDOC Defendants' Perspective:*

For the most part the MDOC Defendants agree with Plaintiffs' statements regarding discovery. However, they object to Plaintiffs' plan to schedule 30(b)(6) depositions of the MDOC relative to the claims asserted in the First Amended Complaint. As explained to Plaintiffs' counsel (which Plaintiffs' counsel already knew), §1983 liability is not based on respondeat superior, nor is it based on state policies and procedures (when suing state actors in their individual capacities). Liability in this case is based on the conduct of the individual defendants. Based on the nature of the allegations in this case, no one person from the MDOC (a nonparty) would have personal knowledge of these allegations; no one within the MDOC is omniscient. Thus, demanding 30(b)(6) depositions in this case would be fruitless, and a waste of very limited resources.

*From Defendant Dr. Hallett's perspective:*

Since, as a result of the Court's ruling on Defendant Wright's, Herro's, and Hallet's Motion to Dismiss, there is now only one claim against Defendant Dr. Hallett limited to a **single** event occurring on August 20, 2019, it would be patently unfair to force Dr. Hallett to remain in a case in which Plaintiff is suing approximately thirty (30) individual Defendants from the MDOC for separate and isolated claims concerning these MDOC officials' and corrections officers' alleged actions, which include:

refusing to allow Mrs. Glover to bring a baby blanket and bottle to visit the inmate; groping Mrs. Glover's breasts and genital area during searches; strip searching the Glovers' baby (by forcing Mrs. Glover to change him in the presence of corrections officers); retaliation against the Glovers for complaints and grievances made against the corrections officers; refusing the Glovers the right to speak with supervisors regarding corrections officers' conduct during visits; failing to respond to the Glovers' complaints; retaliation against Mr. Glover by transferring him to an upper peninsula facility to make it difficult for his wife and infant son to visit; retaliation against Mr. Glover by placing him in segregation; failing to provide Mr. Glover with misconduct hearing reports; writing false misconduct tickets against Mr. Glover; performing improper retaliatory shakedowns and cell searches of Mr. Glover; withholding and then rejecting Mrs. Glover's mail to Mr. Glover; falsely labelling Mrs. Glover's JPay messages/photos to Mr. Glover as being impermissible and sexually inappropriate; denying the Glovers' infant son the use of his "sippy" cup and to properly heat up his food and sit next to the toy section during visits; wrongfully holding up Mr. Glover's account funds by the taking too long to process their email; threatening to terminate Mrs. Glover's visits if she complained or asked to speak with supervisors regarding gate officer conduct during her visits; stealing a photograph of Mrs. Glover from Mr. Glover's cell while he was at Henry Ford Hospital; improperly providing chairs as opposed to ladders to inmates for accessing the top bunks; assaulting/pinching Mr. Glover and making him stand continuously; refusing to allow Mrs. Glover to bring legal documents to Mr. Glover; etc.

Therefore, Defendant Dr. Hallett does not agree that Plaintiff's proposed discovery plan, which primarily concerns the numerous claims that he has alleged against the MDOC and are far beyond the August 20, 2019 event with Dr. Hallett, is necessarily relevant or appropriate as to the single August 20, 2019 event for which Dr. Hallett remains in the case. Dr. Hallett would ask this court to consider severing Plaintiff's lawsuit against her, as the joinder of

9

Plaintiff's claims against the MDOC Defendants and Dr. Hallett would now become unworkable, extend far outside the same transaction and occurrence, and having to participate in such extensive discovery that is unrelated to the claims against Dr. Hallett would cause her undue burden and expense.

Defendant Dr. Hallett is in agreement with the MDOC's position regarding Plaintiffs' plan to schedule 30(b)(6) depositions, and particularly objects to any 30(b)(6) depositions that Plaintiff may intend to schedule of Corizon in this matter. Plaintiff has asserted no *Monell* claim against Corizon in this matter and by well-settled law, Corizon is not vicariously liable for the individual acts of its employees. Additionally, Defendant Dr. Hallett objects to the expansive use of Fed. R. Civ. P. 30(b)(6) depositions. Also, should it become necessary, Defendant will raise the defense of the Patient Safety and Quality Improvement Act of 2005 as a complete bar to the discovery of morbidity/mortality review and quality improvement reviews/determination or actions. Furthermore, Defendant Dr. Hallett will seek to obtain protective orders as necessary in this case regarding various documents that may be requested.

E. **<u>Alternative Dispute Resolution</u>**

The parties are agreeable to discussing voluntary non-binding facilitation after the parties' depositions have been taken in this matter, however, at this time it is our joint view that alternative dispute resolution, arbitration, early

facilitation/mediation and early Settlement Conference, are not in the best interest of the parties hereto.

F. **<u>Anticipated Motion Practice</u>**

The parties acknowledge that the E.D. Mich. L.R. 7.1(a) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(a). The parties further acknowledge that all motions, responses and replies and their supporting briefs must be filed according to the schedule set forth in E.D. Mich. LR 7.1(e), unless the Court orders otherwise.

G. **<u>Settlement</u>**

There have been no offers of settlement or discussions regarding same as of the date of filing this joint report.

H. **<u>Proposed Dates for Case Management and Scheduling Order</u>**

Because of the numerous defendants in this matter, the parties anticipate that discovery may be complex. The Parties have agreed to work cooperatively to optimize discovery and minimize the burden. As such, the parties propose the following dates and deadlines:

      i. Discovery Opens     April 19, 2021
      ii. Fact Discovery Cut-Off:     December 31, 2021
      iii. Rule 26 (a)(1) Initial Disclosures:     May 15, 2021
      iv. Plaintiff Expert Reports:     February 15, 2022
      v. Plaintiff Expert Depositions By:     April 1, 2022
      vi. Defendant Expert Reports:     May 1, 2022

  vii. Defendant Expert Depositions By:  June 15, 2022
  viii. Dispositive Motions Filed By:  August 15, 2022
  ix. Oppositons to Dispositive Motions By: September 15, 2022
  x. Replies to Dispositive Motions By:  September 30, 2022

***From Defendant Dr. Hallett's perspective:***

Please see Defendant Dr. Hallett's position as set forth in **Section D** above. However, aside from that, Defendant Dr. Hallett agrees that, in light of the thirty (30) MDOC Defendants remaining in the case and the extensive breadth of claims against them, the above dates would be reasonable.

Dated: April 16, 2021

  Respectfully Submitted,

By: */s/ Keith L. Altman*      By: Keith Altman
  Keith L. Altman (P81702)
  *Attorney for* Plaintiff

By: */s/ James T. Farrell*      By: James Farrell
  Sara E. Trudgeon (P82115)
  *Attorney for* MDOC Defendants

By: */s/ Devlin K. Scarber*      By: Devlin Scarber
  Ronald W. Chapman, Sr. (P37603)
  Devlin K. Scarber (P64532)
  *Attorney for Defendant Dr. Hallett*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, I served the foregoing document on all parties *via* electronic filing through the Court's electronic filing system CM/ECF.

<u>*/s/ Keith L. Altman*</u>