UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| RICHARD GLOVER, TINA GLOVER, R. G., Plaintiffs, vs. MONICA RIVAS, ET AL., Defendants. | 2:19-CV-13406-TGB SCHEDULING ORDER HONORABLE TERRENCE G. BERG |
|---|---|

| EVENT | DEADLINE |
|---|---|
| Discovery cutoff | Wednesday, June 15, 2022 |
| Dispositive motions due | Monday, August 22, 2022 |
| Final pretrial conference | To be set after ruling on dispositive motions |
| Trial date | To be set after ruling on dispositive motions |
| Estimated length of trial | 4-6 days |
| **JURY TRIAL** ||

The following practices shall govern the conduct of this case:

I. **TIME**. Computation of time under this order and under any notice of any scheduling order or notice in this case shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II. **ELECTRONIC FILING**. Use of the court's electronic filing system ("CM/ECF") is mandatory. Chambers' copies of *most* papers filed electronically need not be submitted (but see "Motions," below).

II. **DISCOVERY**. Discovery motions <u>shall not be filed without leave of court and will be stricken if proper permission is not obtained</u>. Parties are instructed to contact the court's case manager to schedule a telephonic conference when discovery disputes arise.

The discovery deadline may be extended by timely submission of a proposed stipulation and order, and will only be considered for good cause shown.

***Non-Waiver of Attorney–Client Privilege or Work Product Protection.*** As part of their duty to cooperate during discovery,

the parties are expected to discuss whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a non-waiver agreement pursuant to Fed. R. Evid. 502(e). The parties also should discuss whether to use computer-assisted search methodology to facilitate pre-production review of ESI to identify information that is beyond the scope of discovery because it is attorney–client privileged or work product protected.

In accordance with Fed. R. Evid. 502(d), except when a party intentionally waives attorney–client privilege or work product protection by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of attorney–client privileged or work product protected information pursuant to a non-waiver agreement entered into under Fed. R. Evid. 502(e) does not constitute a waiver in this proceeding, or in any other federal or state proceeding. Further, the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI pursuant to an agreement entered into between the parties under Fed. R. Evid. 502(e). However, a party that produces attorney–client privileged or work product protected information to an adverse

party under a Rule 502(e) agreement without intending to waive the privilege or protection must promptly notify the adversary that it did not intend a waiver by its disclosure. Any dispute regarding whether the disclosing party has asserted properly the attorney–client privilege or work product protection will be brought promptly to the Court, if the parties are not themselves able to resolve it.

III. **WITNESSES**.  The deadline for exchange of witness lists refers to all witnesses, lay and expert, unless otherwise indicated.

IV. **MOTIONS**.  The court requires strict compliance with Local Rule 7.1(a), which requires moving parties to seek concurrence before filing a motion.  Dispositive motions shall be filed on or before the date set forth in this order.  Counsel is directed to review the court's practice guidance regarding motion practice at http://www.mied.uscourts.gov/Judges/practice_guidelines.cfm.  No party may file more than one motion for summary judgment without obtaining leave of court.  All briefs must comply with Local Rules 5.1 and 7.1, and must contain citation to appropriate authorities within the text of the brief, and citations must conform

to the latest edition of <u>The Bluebook: A Uniform System of Citation</u> published by the Harvard Law Review. Courtesy copies of motions and briefs must be provided to chambers and in accordance with Local Rule 5.1.1(c). Courtesy copies must be properly bound. The Court will not accept documents loosely secured with a rubber band or binder clip.

V. **CASE EVALUATION AND MEDIATION.** Parties may stipulate to case evaluation, mediation, or request a settlement conference with the District or Magistrate Judge at any time. In all cases, a brief telephone status conference will be conducted shortly after the close of discovery to discuss settlement options. It is the responsibility of the attorneys to make sure that mediation is completed before the final pretrial conference.

VI. **FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**. The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by subseqent order, which shall be no later than one week before the date of Final Pretrial Conference. All witnesses must be listed in the Final Pretrial Order. Witnesses may only be

added to the Final Pretrial Order by stipulation of the parties and leave of court. Counsel shall follow the procedure outlined in the court's practice guidelines to prepare for the final pretrial conference and the Final Pretrial Order. The parties shall prepare the Joint Final Pretrial Order in conformance with all of the requirements of Local Rule 16.2.

VII. **REQUIRED PRIOR TO TRIAL.** <u>At least ONE WEEK</u> prior to the beginning of trial, counsel shall furnish to the court the following:

  1. In jury cases, any requests for <u>VOIR DIRE</u>, proposed <u>JOINT JURY INSTRUCTIONS</u> and the <u>VERDICT FORM</u>. The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form. The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). Additionally, each party shall separately file any additional proposed instructions to which any other party objects. The parties must make

a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

    2. In a non-jury case, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW.</u>

    3. A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

VIII. **EXHIBITS**. Counsel are required to mark all proposed exhibits in advance of trial. Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters. A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

IX. **JUDGE'S COPIES.** <u>Until further notice, courtesy copies shall not be submitted unless specifically requested by the Court. Parties will be contacted directly by chambers if a courtesy copy is required.</u>

X. **LOCAL COUNSEL**. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). The court will not allow counsel not admitted in the Eastern District to practice upon a special motion. All inquiries regarding admission to this district must be directed to the Clerk's office at (313) 234-5005.

    BY THE COURT:

    /s/Terrence G. Berg
    <u>TERRENCE G. BERG</u>
    <u>United States District Judge</u>

HONORABLE TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

CASE MANAGER: Amanda Chubb
PHONE: (313) 234-2640

CONFERENCES   Scheduling conferences held after the answer is filed and before the scheduling order is issued. Status conference held as needed or requested. Settlement conference held upon request and at final pretrial conference.

MOTIONS   Hearings are held on most motions. Proposed orders shall be submitted through the proposed orders function of the CM/ECF. Strict compliance required with Local Rules 7.1 and 65.1.

DISCOVERY   Discovery <u>shall be completed on or before</u> the date set forth in the scheduling order. Discovery motions are <u>not to be filed without leave of court and will be stricken if proper permission is not obtained</u>. Parties are instructed to contact the court's case manager to schedule a telephonic conference when discovery disputes arise.

MEDIATION   Civil cases referred after discovery cut-off and parties are encouraged to stipulate in writing to be bound by mediation sanctions. It is not necessary, however, that sanctions be included in the stipulation.

PRETRIAL   Final Pretrial Order is generally due one (1) week before final pretrial conference. Witnesses may only be added to the final pretrial order by stipulation of the parties and leave of court. Final pretrial conference usually held one week prior to trial. Parties and/or persons with settlement authority must be present.

| | |
|---|---|
| TRIAL | Attorneys are responsible to ascertain the status of the trial date. Marked exhibits are to be exchanged three (3) days prior to trial. <u>Benchbook of exhibits is required</u>. If trial briefs are required by the court, they must be filed one (1) week prior to trial. File motions *in limine* no later than two (2) weeks prior to the final pretrial conference. Trial is usually held 9:00 a.m. to 3:00 p.m. daily. |
| NON-JURY | Submit proposed findings of fact/conclusions of law, one (1) week prior to trial. |
| JURY | Voir dire by court. Submit proposed voir dire one (1) week prior to trial. Proposed joint jury instructions and verdict form due one (1) week prior to trial. Judge's courtesy copy and electronic submission through the proposed orders function of CM/ECF required. |