UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD GLOVER, ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MONICA RIVAS, ET AL.,**<br><br>Defendants. | 2:19-CV-13406-TGB-MJH<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**(ECF No. 67)** |

    This matter is before the Court on Plaintiff Richard Glover's motion for a temporary restraining order and preliminary injunction requesting that he be removed from punitive segregation and moved back into general population. This motion arises out of a civil rights action pending before the Court in which Plaintiffs seek relief against more than 50 MDOC employees and Corizon Health Care employees, asserting claims of First Amendment retaliation and denial of access to courts, Fourth Amendment search and seizure violations, Eighth Amendment cruel and unusual punishment and deliberate indifference, ADA and Rehabilitation Act violations, and Fourteenth Amendment equal protection violations. For the reasons explained, the motion for a temporary restraining order (ECF No. 67) will be **DENIED** as moot.

1

On January 17, 2022, Glover, then a Michigan Department of Corrections ("MDOC") inmate at G. Robert Cotton Correctional Facility ("JCF"), filed an Emergency Motion for Leave to File a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. ECF No. 67. In Glover's TRO, he alleged that MDOC employees unlawfully "forced [him] to live in inhumane solitary conditions," *id.* at PageID.1355, in retaliation for bringing the present lawsuit. *Id.* at PageID.1358.

Glover alleged he had been in segregation since December 10, 2021, due to an "unsubstantiated trumped-up assault charge." *Id.* at 1357. On December 21, 2021, Glover was sentenced to ten additional days in segregation, set to expire on December 31, 2021. However, at the time of the filing of this TRO on January 12, 2022, Glover remained in solitary confinement. Accordingly, Glover alleged that his confinement was a "blatant and deliberate violation of the MDOC's own policies." *Id.* He also alleged he had been told he would remain in solitary confinement "indefinitely" until MDOC transferred him to a different facility due to this pending lawsuit. Accordingly, Glover claimed that he was being held in retaliation for bringing the present lawsuit. *Id.* at 1358.

This Court granted Glover's request to file a TRO and on March 1, 2022, held a video conference with the attorneys for Glover and the State, which Glover himself and some unidentified JCF MDOC officials also attended. The State informed the Court that it was in the process of transferring Glover out of JCF to another correctional facility.

The Court took the TRO under advisement and requested that the State provide supplemental briefing informing the Court of the timeline of the transfer. Glover took the position that he had not actually been involved in any assault, and should not have been placed in solitary confinement, so the Court also ordered MDOC to release the video footage of the incident under protective order. ECF No. 74.

The State complied with the Court's request, providing both the video footage and the affidavit of JCF Warden Noah Nagy, stating that Plaintiff would be transferred to general population at another MDOC facility the week of March 7, 2022. ECF No. 75; 75-1.

After carefully reviewing the video footage, the Court finds that it does not support Glover's version of the facts. Indeed, a review of the available video does suggest that Glover was involved in a fight in another inmate's cell. Glover can be seen walking into another inmate's cell and appears to lunge at an inmate with his fist. Although the entirety of the fight is not visible from the vantage point of the video, it is clear from the hallway camera angle that Glover played an integral role in the altercation, despite his contradictory testimony..

More importantly, in considering Glover's emergency request for a TRO and mandatory relief, it is clear that there is no longer any need for an order removing Glover from solitary confinement at JCF because he is no longer incarcerated there. On March 10, 2022, he was transferred

to Richard A. Handlon Correctional Facility ("RCF"), a level II facility.[1] ECF No. 78.

Generally, an inmate's transfer to another prison moots his request for injunctive relief. *Lyons v. Azam,* 58 F. App'x. 85, 87 (6th Cir.2003); *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

Accordingly, because Plaintiff has been removed from segregation and transferred to another correctional facility, the present emergency motion (ECF No. 67) is **DENIED as MOOT**.[2]

**IT IS SO ORDERED.**

Dated: May 25, 2022      s/Terrence G. Berg
                         TERRENCE G. BERG
                         UNITED STATES DISTRICT JUDGE

---

[1] https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=405155

[2] The Court has also reviewed Plaintiff's most recently filed Letter (ECF No. 80), which states that the RCF has failed to provide the requested accommodations previously ordered by this Court. The Letter does not state with specificity what accommodations Plaintiff is not being provided, when they were requested, or when and how they were denied. If Plaintiff believes his treatment at RFC is in violation of any of this Court's Orders, he may bring that to the attention of the Court in a specific pleading.  By the same token, the Court gives notice to Defendants that, if it is shown that this Court's previous orders regarding Plaintiff's treatment are being willfully disregarded, the Court will entertain a request for appropriate sanctions.  To avoid the same, the Court directs the parties to meet and confer and discuss Plaintiff's current conditions with a view toward attaining compliance with this Court's existing orders.